Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com

Ross Cornell, Esq. (SBN 210413)
**LAW OFFICES OF ROSS CORNELL, APC**
40729 Village Dr., Suite 8 - 1989
Big Bear Lake, CA 92315
Office: (562) 612-1708
Email: rc@rosscornelllaw.com

Attorneys for Plaintiff: SITI AISHAH RIDZUAN

[*Attorneys for Defendant on Next Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SITI AISHAH RIDZUAN, on behalf of herself and all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>THE CONTAINER STORE, INC., a Texas Corporation,<br><br>Defendant. | Case No: 3:26-cv-00619-EMC<br><br>Hon. Edward M. Chen<br><br>**JOINT SUBMISSION IN RESPONSE TO ORDER RE: SUPPLEMENTAL BRIEFING TO SUPPORT DISMISSAL** |

1

**SEYFARTH SHAW LLP**
Jesse L. Miller (SBN 183229)
jmiller@seyfarth.com
Afshin Najafi (SBN 335582)
anajafi@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant,
THE CONTAINER STORE, INC.

2

Plaintiff Siti Aishah Ridzuan and Defendant The Container Store, Inc. (collectively, the "Parties") respectfully submit this joint supplemental brief pursuant to the Court's June 16, 2026 Order re Supplemental Briefing. The Court directed the Parties to address the factors identified in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), in connection with their stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A).

**I. Procedural Posture**

1.    This action was filed on January 20, 2026, as a putative class action alleging violations of California privacy laws on behalf of a putative class of California residents as follows:

> All persons within California whose browser was subject to installation, execution, embedding, or injection of the Trackers by the Defendant's Website during the relevant statute of limitations period.

Plaintiff further defines two subclasses:

> The "Content Interception Subclass," consisting of all persons within California whose browser was subject to installation, execution, embedding, or injection of the Google Trackers, the Facebook / Meta Pixel Tracker, the Pinterest Tracker, or the Dotomi Tracker by the Defendant's Website during the relevant statute of limitations period, and whose electronic communications with the Website, including full-path URLs identifying specific content viewed, were intercepted and transmitted to third parties without consent.

> The "Pen Register Subclass," consisting of all persons within California whose browser was subject to installation, execution, embedding, or injection of the Trackers by the Defendant's Website during the relevant

JOINT SUBMISSION RE: SUPPLEMENTAL BRIEFING

statute of limitations period, and whose dialing, routing, addressing, or signaling information was captured and transmitted to third parties without consent or a court order.

2.     No motion for class certification has been filed; the Court has not certified any class, collective, or representative claims.

3.     After arms'-length negotiations between counsel, Plaintiff and Defendant agreed to resolve Plaintiff's individual claims only and to dismiss the putative class claims without prejudice. On that basis, on June 15, 2026, the Parties filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), providing for dismissal of Plaintiff's individual claims with prejudice and the putative class claims without prejudice.

4.     On June 16, 2026, the Court ordered the Parties to submit supplemental briefing and/or evidence addressing the Diaz factors and directed that the supplemental briefing include a description of all publicity concerning the case and its filing.

## II. Diaz Framework

In *Diaz*, the Ninth Circuit held that Rule 23(e) applies to pre-certification dismissals but that the required judicial inquiry is "much lighter" than in the context of a certified class settlement. The district court must ensure that the representative plaintiff has fulfilled a fiduciary duty to absent putative class members and that the dismissal is not collusive or unduly prejudicial. Relevant considerations include whether putative class members likely learned of the case and relied on it, whether limitations issues create prejudice, whether the settlement trades away class interests for individual benefit, and whether notice is necessary to protect absent putative class members.

## III.     Publicity and Likely Awareness of the Lawsuit

The Court requested a description of "all publicity concerning this case and its

filing." Based on a reasonable investigation, including reviews of the parties' and counsel's public websites and public announcements, searches for the party names online in publicly available search engines, and inquiry of counsel regarding any outreach, solicitation, or communications with putative class members, the Parties represent:

- Plaintiff and her counsel did not issue any press release or public announcement regarding the filing, pendency, or resolution of this action.
- Defendant did not issue any press release, internal company-wide announcement, or other public statement regarding the action, beyond communications limited to those employees who needed information for purposes of litigation hold, investigation, or defense.
- The Parties are aware of articles about the lawsuit having been published on bloomberglaw.com and classaction.org.
- The case has not been the subject of any public website, case-specific landing page, or advertising campaign soliciting putative class members.
- Aside from filings on the public docket, the Parties are not aware of any other form of publicity concerning this case.

Given the absence of publicity and solicitations, the limited news articles, and the relatively early stage of the litigation, putative class members are unlikely to be aware of this action or to have relied on it in deciding whether to pursue their own claims.

## IV. Statute of Limitations and Prejudice

*Diaz* emphasizes potential prejudice when putative class members are likely aware of the case and the statute of limitations is close to expiring at the time of dismissal. Here:

- The putative class claims arise under 18 U.S.C. § 2511, Cal. Penal Code § 631, Cal. Penal Code § 638.51, Cal. Constitution Art. I § 1, Cal. Bus. & Prof. Code § 17200, *et seq.*, Intrusion Upon Seclusion, and Unjust Enrichment

JOINT SUBMISSION RE: SUPPLEMENTAL BRIEFING

- This case was filed on January 20, 2026, and the Parties now seek dismissal at an early stage, before any motion for class certification and before any substantive rulings on the merits.

- The proposed dismissal is without prejudice to the putative class claims. No release of absent putative class members' claims will be obtained in connection with the Parties' agreement, and the dismissal will have no res judicata effect on any person other than Plaintiff with respect to the claims at issue.

- Putative class members remain free to bring their own individual or putative class actions, and nothing about the dismissal releases, adjudicates, or bars absent putative class members' claims.

- The shortest potentially applicable limitations period is one year, applicable to the CIPA claims. The federal ECPA claim is subject to a two-year discovery-based limitations period, the California constitutional privacy and intrusion claims are subject to a two-year period, the UCL claim is subject to a four-year period, and the unjust-enrichment/restitution theory is derivative or varies with the theory pleaded.

- Because the action was filed on January 20, 2026 and is being dismissed approximately five months later, any tolling associated with the pendency of this putative class action was brief, and putative class members whose claims were timely when this case was filed will not face the kind of imminent limitations prejudice present in *Diaz*.

- In these circumstances, early dismissal, lack of publicity, dismissal of putative class claims without prejudice, and no compromise of absent class claims, any likelihood of prejudice to putative class members is minimal, at best.

## V. Consideration to Plaintiff and Absence of Collusion

*Diaz* instructs courts to consider whether the named plaintiff's individual compromise reflects a trade-off of class interests suggesting collusion. In this case:

JOINT SUBMISSION RE: SUPPLEMENTAL BRIEFING

- Plaintiff has agreed to resolve only her own individual claims in exchange for a payment tailored to her alleged individual damages and risk assessment.

- No portion of the consideration is expressly or implicitly allocated to the abandonment, compromise, or release of any putative class claims.

- The settlement does not provide for any release by absent putative class members, does not seek to bar or limit future class or individual litigation by others, and does not require Plaintiff or her counsel to refrain from representing other individuals in future separate cases.

- No side agreement or collateral arrangement exists beyond what is disclosed in the Parties' stipulation and this submission.

- No attorneys' fees or costs are being paid in consideration for the dismissal of absent putative class claims, and Plaintiff's release is limited to her own individual claims and does not purport to release claims in a representative capacity or on behalf of any absent person.

The Parties therefore submit that there is no indication of collusion or prejudice to absent putative class members under Diaz.

## VI. Whether Notice Should Be Required

Under *Diaz*, notice of a pre-certification dismissal is not required in all circumstances and is principally appropriate where putative class members likely knew of and relied on the litigation and the dismissal presents a substantial risk of prejudice. For the reasons described above (minimal publicity, no solicitation, dismissal without prejudice, lack of any release or compromise of absent class claims, and the early stage of the case) the Parties respectfully submit that notice is not necessary here to protect the interests of putative class members.

If the Court concludes that some form of notice is required, the Parties are willing to meet and confer and submit a jointly proposed form of notice and notice

JOINT SUBMISSION RE: SUPPLEMENTAL BRIEFING

plan tailored to the Court's guidance.

**VII. Requested Relief**

For the reasons set forth above, the Parties respectfully request that the Court:

1.    Find, in light of *Diaz*, that the stipulated dismissal of Plaintiff's individual claims with prejudice and the putative class claims without prejudice is not collusive and will not prejudice absent putative class members.

2.    Determine that no notice to putative class members is necessary in the circumstances of this case; and

3.    Accept and approve the Parties' stipulated dismissal.

Dated: June 22, 2026                    **NATHAN & ASSOCIATES, APC**


                                        By: /s/ Reuben D. Nathan
                                        Reuben D. Nathan
                                        2901 West Coast Highway, Suite 200
                                        Newport Beach, CA 92660
                                        Telephone: (949)270-2798
                                        E-Mail: rnathan@nathanlawpractice.com

                                        *Attorneys for Plaintiff*

Dated: June 22, 2026                    **SEYFARTH SHAW LLP**

                                        By: /s/ *Afshin Najafi*
                                        Jesse L. Miller
                                        Afshin Najafi
                                        560 Mission Street, 31st Floor
                                        San Francisco, California  94105
                                        Telephone: (415) 397-2823
                                        Facsimile: (415) 397-8549
                                        E-Mail:  jmiller@seyfarth.com
                                                 anajafi@seyfarth.com

                                        *Attorneys for Defendant*

8

JOINT SUBMISSION RE: SUPPLEMENTAL BRIEFING

## **CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I, Reuben D. Nathan, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 22, 2026                         */s/ Reuben D. Nathan*
                                               Reuben D. Nathan

JOINT SUBMISSION RE: SUPPLEMENTAL BRIEFING